# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Haskell G. Greer, *et al.*,

      Plaintiffs,                Case No. 15cv12444

v.                                Judith E. Levy
                                 United States District Judge

City of Highland Park, *et al.*,

                                 Mag. Judge Elizabeth A. Stafford

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' 12(C) MOTION [17] AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND <u>AMENDED COMPLAINT [22]</u>

On July 1, 2016, oral argument was heard on defendants' motion under Rule 12(c) to grant summary disposition on all claims in this lawsuit. (Dkt. 17.) For reasons stated on the record, defendants' motion was granted in part and denied in part without prejudice to plaintiffs' having leave to move to file a second amended complaint.

Now before the Court is plaintiffs' motion to file a second amended complaint (Dkt. 22) and defendants' opposition. (Dkt. 24.) For the reasons provided below, plaintiffs' motion is GRANTED.

## I.  Background

Plaintiffs are Haskell and Kim Greer, their two adult daughters Ashley and Catera Greer, their 7-year-old daughter Kailaa Greer, and their adult nephew Alexander Lawrence.  Their lawsuit arises from an incident that occurred in the early morning hours of October 30, 2014, when defendants, the Chief and officers of the Highland Park Police Department, allegedly entered, searched, and seized property from plaintiffs' home in violation of their Fourth Amendment rights.  They also allege that plaintiff Lawrence was falsely arrested during the search.  The proposed amended complaint alleges violations of the Fourth Amendment by the individual defendants, municipal liability for the same Fourth Amendment violations through Chief Coney's alleged authorization of the unlawful search and the city's inadequate training of its officers, and a state-law claim of false imprisonment against the as-yet-unnamed officer or officers who handcuffed Lawrence.  (Dkt. 22-2 at 11-16.)

Plaintiffs assert that defendants were in "SWAT" gear or otherwise masked and plain-clothed when they entered the Greer family home, making identification of individual officers and what

specific actions each defendant may have taken during the search difficult to plead with specificity.  (Dkt. 22 at 2-3, 13.)  Discovery, including depositions of the officers involved, was ongoing at the time plaintiffs filed their current motion for leave to amend; therefore, plaintiffs suggest that they will be able to provide more specificity regarding individual officers' actions when discovery is complete.  (*Id.* at 13.)

## II.  Analysis

Leave to amend a complaint is to be granted "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a).  The animating principle of Rule 15 is that cases "should be tried on their merits rather than the technicalities of pleadings."  *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

A motion to amend will be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).  Prejudice to the opposing party is an essential consideration in evaluating a motion for leave to amend.  *Id.* at 562 (stating that "delay

alone is not a sufficient reason for denying leave," but rather prejudice from that delay must be shown) (citing *Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Products Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976); *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537 (8th Cir. 1977); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981)). Prejudice typically arises when a defendant has already expended time, effort, and expense to litigate a set of claims and prevailed in that effort. *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973). A proposed amendment to a complaint is futile and must be denied if the amendment could not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Here, there is no bad faith, dilatory purpose, or prejudice to defendants in plaintiffs' motion. It is reasonable in circumstances such as this that plaintiffs will be able to discover readily the names of each officer who was on site during the search of their home, but not be able to discern which officer was responsible for which specific action until depositions have been taken and a precise account of each individual's activity can be developed. Neither have defendants asserted that they

4

would be prejudiced through an amendment at this stage of the litigation.

Defendants instead argue that this motion should be denied as futile, because plaintiffs' proposed amendments do not satisfy the pleading standards for any of their claims. (Dkt. 24.) They first claim that the failure to attribute the alleged misconduct to specific defendants does not set forth plausibly pleaded facts. (*Id.* at 8-9.) Second, they argue that plaintiffs' allegations do not establish the requisite elements for municipal liability. (*Id.* at 9). Finally, they state that the false-imprisonment claim cannot be brought against a municipality or the Chief of Police. (*Id.*)

Defendants' oppositions are unavailing. First, plaintiffs' allegations regarding the conduct of the individual officers are sufficiently pleaded, given that they are alleged to have performed the search of the home in SWAT gear and clothing that hid their identifying features. The Federal Rule of Civil Procedure 26(b) does not a plaintiff to already know all the facts relevant to his claim in order to file his complaint. Surely, when the defendants allegedly shielded their identity and the only way to discern who was responsible for which

conduct is to depose the officers, plaintiffs cannot be penalized for not knowing *prior to* the depositions who among the group of defendants did what.

Second, plaintiffs' proposed amended complaint adequately pleads the claim of municipal liability under *Monell*. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978). Their amended complaint alleges that the Chief of Police personally participated in the alleged raid of the Greer home, and that in doing so he ordered or ratified an unlawful search. (Dkt. 22-2 at 13-14.) If true, this would factor heavily in the jury's consideration of municipal liability. They also allege that the City of Highland Park provides only training at the police academy for cadets on obtaining and serving search warrants, despite its awareness that its officers consistently execute search warrants in ways that are constitutionally infirm. (*Id.* at 14.) These facts are sufficient to satisfy the *Monell* elements for municipal liability. *See*, *e.g.*, *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Finally, while some of the defendants—notably the Chief of Police—may have a governmental immunity defense to plaintiffs' claim that Lawrence was subjected to false imprisonment, it would not be

6

prudent to deny leave to amend this portion of the complaint at this time.  It is proper to deny leave to amend where the amendment would be futile because the amended complaint could not overcome an affirmative defense such as immunity.  *See, e.g., Budsgunshop.com. LLC v. Sec. Safe Outlet, Inc.*, No. 5:10-cv-00390-KSF, 2012 U.S. Dist. LEXIS 72575, at *27-28 (E.D. Ky. May 23, 2012) (citing *inter alia Riverview Health Inst. LLC*, 601 F.3d 505, 523 (6th Cir. 2010)). Defendants argue that Police Chief Coney and the City of Highland Park are immune from liability for the tort of false imprisonment.  (Dkt. 24 at 9 (citing MCL § 691.1407(5)).)  This may very well be the case, but plaintiffs have only asserted this claim against an individual officer or officers who handcuffed Lawrence (Dkt. 22-2 at 15), and as noted above, at this time they have not yet discovered through depositions which officers were responsible for this conduct.

**III.   Conclusion**

For the reasons provided above, plaintiffs' motion for leave to file a

second amended complaint is GRANTED.

IT IS SO ORDERED.

Dated: August 10, 2016          s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2016.

                                s/Kelly Winslow for
                                FELICIA M. MOSES
                                Case Manager

8