

# SEIKALY STEWART & BENNETT, P.C.

WILLIAM R. SEIKALY
JEFFREY T. STEWART*
LARRY W. BENNETT

ATTORNEYS AND COUNSELORS
30445 NORTHWESTERN HIGHWAY, SUITE 250
FARMINGTON HILLS, MICHIGAN 48334
(248) 785-0102
FAX: (248) 419-3590
WWW.SSLAWPC.COM

OF COUNSEL
WILLIAM M. BRUKOFF
ELIZABETH A. DOWNEY
JOEY S. NISKAR
TIFFANY R. ELLIS*

*ALSO ADMITTED IN OHIO

*ALSO ADMITTED IN ILLINOIS

April 3, 2018

James W. McGinnis, Esq.
985 E. Jefferson Ave., Ste. 100
Detroit, MI 48207

**Re: Greer v. Highland Park, et al**

Dear Mr. McGinnis,

Since I have not heard from you, I'm assuming that we did not have any breakthroughs on settlement. Therefore, we should probably give some thought to how we will approach the status conference with the court tomorrow. Here are our thoughts with regard to where to go from here.

**Discovery**

As we all know, discovery was limited by the court at your request to stay largely within the issues pertinent to whether our complaint stated a valid claim. Most of the participants in the raid have not been deposed but need to be. Since this would exceed the standard number of depositions allowed absent court approval (10), we will be looking for your stipulation or court approval to take the additional number of required depositions.

We have additional documents pertinent to detective McMahon. These were obtained by the ACLU in response to a FOIA request. It is not clear to us why they weren't produced in response to our discovery requests asking for any and all relevant material. Be that as it may, we believe that we have the right to depose detective McMahon again, limited to the issues raised by the new document. A copy of it is attached for your reference.

In order to develop our *Monell* claim we must have a clear position from the city as to whether Chief Coney was the highest ranking officer setting policies and procedures pertinent to this case or whether there were persons above him, ultimately responsible for the policies that have been provided to us and referenced in the depositions. If you can state unequivocally that Chief Coney was the highest-level person, we need not take further depositions of the mayor, city Council members, etc. Otherwise, we will need those as well.

We will be requesting supplementation of discovery responses to the document requests that we already made, given the fact that the documents obtained by the ACLU already establish that the document production to us was incomplete. If you anticipate objecting to supplementing

with additional information, we should be prepared to discuss that with the court. Moreover, your responses to questions asking who among the police officers in attendance entered the home and who stayed outside indicated only the persons present *in toto*, without specification as to who was in or out.  This letter is not intended to limit the discovery we can take as the case resumes, only indicate those matters that may require your agreement or a court order.

**Pleadings**

Your answer states in many paragraphs, including those simply alleging that the court has jurisdiction over the city of Highland Park, that the allegation is "neither admitted nor denied". As you may know, Rule 8 does not permit this kind of response to stand as a denial unless it is accompanied by an affirmative statement that the pleader is without sufficient information or belief upon which to frame a response.  When the case was first served, perhaps that was a plausible position.  But your last amended answer to our last amended complaint was filed over a year into the case.  If you would like to file an amended answer we stipulate to it, provided it is done in the next 28 days.  After that, we would be asking the court to consider the "neither admit nor deny" answers to be deemed admitted.

You have several affirmative defenses for which your request for admission and interrogatory answers indicate there is no support, such as the statute of limitations, lack of personal jurisdiction, unclean hands.  We would like to get these affirmative defenses out of the answer well prior to trial if there is not going to be evidentiary support for them.  Please let us know if you can stipulate to striking the affirmative defenses that you have conceded in your discovery responses to be without factual support.

Please feel free to contact us if you have any matters you would like to go over before the conference so that we can be as efficient as possible when the judge is on the line.

Sincerely,

Jeffrey T. Stewart

JTS/
gref79.docx