UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASKELL G. GREER, *et al.*,

    Plaintiffs,

v.

CITY OF HIGHLAND PARK,
*et al.*,

    Defendants.

_____/

Case No. 15-12444
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

**ORDER FOR DEFENSE COUNSEL TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED FOR UNREASONABLY AND VEXATIOUSLY MULTIPLYING PROCEEDINGS BECAUSE OF HIS CONDUCT RELATING TO THE PARTIES' SETTLEMENT EFFORTS**

Upon referral from the Honorable Judith E. Levy, the Court will hold a hearing on January 7, 2019 on plaintiffs' motion to enforce the parties' agreed-upon settlement. [ECF No. 75]. Apart from considering whether the putative agreement can be enforced, the Court **ORDERS** defense counsel to **SHOW CAUSE** at the hearing why he should not be sanctioned for unreasonably and vexatiously multiplying proceedings because of his conduct relating to the parties' settlement efforts. The legal authority under which the Court will consider sanctioning defense counsel is 18 U.S.C. § 1927, *Knopf v. Elite Moving Sys.*, 677 F. App'x 252, 257 (6th Cir. 2017) and

1

*Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

The factual basis is as follows:

- The Court's settlement conference notice instructed that **"[i]ndividuals with full settlement authority shall be personally present at settlement conferences**. . . . For the defendant(s), 'full settlement authority' is defined as the full relief requested in the lawsuit and/or the relief requested by the last settlement demand." [ECF No. 58, PageID.600 (emphasis in original)].

- The parties appeared for the settlement conference on August 29, 2018 and negotiated from about 10:00 a.m. to about 1:00 p.m. [*See* ECF No. 77, PageID.1071-72]. Counsel for defendants, James McGinnis, appeared "on behalf of Defendants," and City Administrator Kathy Square was represented as having "authority to enter into a Settlement Agreement." [*Id.*, PageID.1071].

- The parties agreed to a settlement of $110,000 for all plaintiffs to be paid in three installments. [*Id.*, PageID.1073]. McGinnis noted that "only the City Council can bind the municipality to a

2

contract, so [ ] this Settlement is subject to Council approval." [*Id.*]. But he also said that Square had authorized him to enter into the agreement and that he understood "that the Council will meet some time in September and we would then get word of whether or not they have approved the settlement." [*Id.*].

- Counsel for plaintiffs stated that he was unsure of whether he would need to obtain approval of the settlement on behalf of the minor child through this Court or through Oakland County Circuit Court; if the latter, he would be required to establish a conservatorship. [*Id.*, PageID.1074]. McGinnis raised no concern at that juncture regarding moving forward with the settlement agreement pending approval of the settlement and/or the establishment of conservatorship.[1]

---

[1] Research conducted after this hearing reveals that it is this Court, and not a state court, that must approve the settlement of the minor child under Federal Rule of Civil Procedure 41(a)(1)(ii). *See Green v. Nevers*, 111 F.3d 1295, 1302 (6th Cir. 1997) (upholding district court's decision to reduce contingency fee in settlement involving minor child); *Kiel by Kiel v. Barton*, No. 09-CV-15053, 2011 WL 13206189, at *1 (E.D. Mich. Jan. 31, 2011) (declining to rely on Michigan Court Rule 2.420 because federal rules applied to approval of a settlement of a minor in federal court); *Hertz v. Miller*, No. 07-14369, 2011 WL 4433763, at *1 (E.D. Mich. Sept. 21, 2011) (requiring parties to file motions to approve settlement because settlement involved a minor child).

- After much discussion, McGinnis agreed that plaintiffs could reopen the case to enforce the settlement against all of the defendants, including the individual officers, if the City did not complete its payments under the settlement. [*Id.*, PageID.1078-81]. After this was made clear, Square confirmed her agreement to the settlement. [*Id.*, PageID.1086].

- On September 6, 2018, McGinnis sent plaintiffs' counsel a letter stating that there were two issues with the settlement. First, he asserted that a next friend had to be appointed because the minor child did not have capacity to sue, but he agreed that a portion of the settlement could be set aside for the minor child until the settlement was sanctioned by a court.[2] [ECF No. 75-2,

---

[2] Defendants are mistaken in this regard, as Federal Rule of Civil Procedure 17(c) allows a parent to sue on a child's behalf. *See In re Brooks*, 583 B.R. 443, 444–45 (Bankr. W.D. Mich. 2018) ("Because Mr. Bucceri may sue on behalf of his minor daughter as her parent without resort to any appointment as next friend or guardian ad litem under Fed. R. Civ. P. 17(c)(2), the court will deny the Next Friend Petition as unnecessary."); *Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998) ("This contention is defeated by Federal Rule of Civil Procedure 17(c), however, which provides that a general guardian may sue on behalf of a minor. A parent is a guardian who may so sue."); *Bender v. Metro. Nashville Bd. of Educ.*, No. 3:13-CV-0470, 2013 WL 3777197, at *3 (M.D. Tenn. July 18, 2013) ("Under Rule 17(c) of the Federal Rules of Civil Procedure, a parent or guardian may bring suit on behalf of his or her minor child."); *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005)

4

PageID.1065]. Second, McGinnis asserted, "[W]e had a provision of settlement that allows you (your clients) to collect against the individual officers if Highland Park defaults on payments. The individual officers have not consented to collections against them." [*Id.*]. Yet, McGinnis appeared at the settlement conference on behalf of all of the defendants; none of the individual officers appeared. Consistent with this Court's settlement conference notice that all parties with settlement authority must appear, the Court and plaintiffs believed that McGinnis and Square had full authority to agree to the settlement on behalf of all of the defendants pending City Council approval.

- Plaintiffs' counsel responded to McGinnis's letter by agreeing that a conservatorship had to be approved. But he correctly noted that the ability to enforce the settlement against all of the defendants was a condition of the settlement. [ECF No. 75-3, PageID.1067]. Subsequently, the minor child's father was

---

(under Rule 17(c), parents "may sue or defend on their minor child's behalf," but not *pro se*).

appointed to be her conservator and has moved for the appointment of a next friend.[3] [ECF Nos. 83, 83-2].

- Despite plaintiffs' efforts to address the need for court approval for the settlement with respect to the minor child—an issue that was raised when the settlement was placed on the record with no objection from McGinnis—defendants are now objecting to going forward with the settlement. [ECF No. 73]. In fact, defendants have file a motion to dismiss. [ECF No. 78].

Plaintiffs have filed a motion for sanctions under Federal Rule of Civil Procedure 11 and Section 1927 based on defendants' belated filing of their motion to dismiss. [ECF No. 88]. Defendants have yet to address that motion, and the Court will hear it separately from the January 7 hearing.

What the Court will consider at the January 7 hearing is whether McGinnis should be ordered to reimburse plaintiffs for their reasonable expenses incurred during the settlement conference and in subsequent attempts to finalize the settlement agreement. The Court will determine if McGinnis's conduct as described above objectively fell short of his obligations to the Court and caused additional expense to plaintiffs, and if a

---

[3] Based on the authority set forth in footnotes 1 and 2, the Court does not believe that appointment of a next friend is necessary or warranted.

6

sanction is warranted to deter further wasteful settlement efforts. *Knopf*, 677 F. App'x at 257; *Red Carpet Studios Div. of Source Advantage, Ltd.*, 465 F.3d at 642.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 4, 2019

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14 days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 4, 2019.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
